JOSEPH KRIM, PLAINTIFF-APPELLANT, v. JOSEPH SACKS, DEFENDANT-APPELLEE.

Decided March 21, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Sidney A. Bierman.*

For the appellee, *Anthony Casale.*

PER CURIAM.

This is an appeal from a judgment of the First District Court of the city of Jersey City, in favor of the defendant-appellee, and against the plaintiff-appellant. The case was tried before Judge Carrick, sitting without a jury.

The plaintiff below brought his action against the defendant below to recover the sum of $312.50, being a commission of five per cent. of the selling price of a confectionery store, which was agreed to be sold by the said plaintiff, for the said defendant.

From the state of the case it appears that the defendant, in writing, agreed to sell to Sam Feldman and Morris Feldman, a cigar, confectionery and stationery business, located at Kearny avenue, Jersey City, New Jersey, together with all stock and fixtures now in said store, &c. In the agreement the plaintiff undertook to secure a lease to the vendees for the store, and rooms for a period of not less than five years, for a monthly rental of $100 for the first year, and $5 increase per year, for the remaining four years, the whole rental not to exceed $120. The agreement contained a provision that if the seller failed to secure the lease in question, then he is to return to the vendees a deposit to be made by them, and the agreement was to be null and void.

The vendees deposited a check of $300, which check was to be held by the seller for a few days until it could be made good by the vendees. It further appeared that the seller was unable to procure the lease from the landlord for the vendees, and thereupon the vendees refused to honor the check given as deposit, and refused to take the store, after they learned from the seller that he could not get the lease, and thereupon the deal was declared off.

The plaintiff drew the agreement of sale which contained the clause that in event the seller could not secure the lease, he would return the deposit money, and that the agreement was to be null and void. The agreement made by the defendant with the seller was to pay the latter five per cent. of the selling price for procuring a purchaser, satisfactory to the seller's terms, upon an actual sale taking place.

It is apparent from a reading of the state of the case agreed upon, that the plaintiff, though he procured a prospective purchaser, the prime factor, whether the prospective purchaser would become an actual purchaser, depended upon the ability of the prospective seller to obtain a lease, as provided for in

the agreement, and if such a lease could not be procured, the agreement to sell was to be considered a nullity.

As it appears from the state of the case, that the plaintiff was conversant with the terms upon which the agreement was made between the prospective vendor and the prospective vendees, he must be held to have tacitly acquiesced in the arrangement that there was to be no sale unless the lease could be procured, and of course, if no sale was made, he was not entitled to any commission for having secured a purchaser.

The first specification of objection is, that the verdict of the trial court, in favor of the defendant below, is contrary to the weight of evidence. As this involves the review of the decision by the trial court, on factual questions, an appeal therefrom does not lie.

The second specification of objection relied upon is stated as follows: "The trial court refused to sustain the plaintiff-appellant's objection to testimony, relating up to the signing of the contract which is immaterial and irrelevant." This is rather an involved statement. The sense of it is not quite clear. The state of the case agreed upon does not disclose any objections to the testimony and the rulings of the court thereon, and therefore there is no basis laid for any judicial review.

The third specification of objection has been already dealt with.

The fourth specification of objection is, "that the uncontradicted testimony of all the parties to the action, and the witnesses, was that the deal fell through when the landlord refused to give the lease." This being conceded on behalf of the appellant, is a confession that the procuring of the lease was one of the terms upon which the property was to be sold, and this clause having been written into the agreement by the plaintiff himself, the only legitimate conclusion to which this circumstance leads is, that there was no procurement of a purchaser by the appellant, and therefore there was no legal basis for the recovery of any commission by him.

Judgment is affirmed, with costs.