MAX BELL AND ABRAM COHEN, JOINTLY, PLAINTIFFS-APPELLANTS, v. MORRIS SIWOFF, DEFENDANT-RESPONDENT.

Submitted May 2, 1939—Decided July 27, 1939.

12

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiffs- appellants, *Maurice D. Emont.*

For the defendant-respondent, *Vincent M. Rotolo.*

The opinion of the court was delivered by

PORTER, J. This appeal is from a verdict for the defendant in a suit for brokers' commissions.

The appellants, as brokers, procured a buyer for the candy and stationery store business conducted by the respondent in Bergenfield. A written contract of sale was entered into by the respondent and the buyer whereby the price was agreed upon at $6,500; the method of payment; the date for the passing of title, and other details were provided for. The contract contained a clause to the effect that the appellants were "the only brokers who brought about this sale and are entitled to the commission," amounting to $325, "to be paid by the seller."

Another clause in the contract sets forth that the seller represented that the gross weekly receipts of the business averaged the sum of $400, and guaranteed that during a trial period of a specified week the receipts would aggregate that sum, and if not the purchaser would be repaid any deposit made on account of the purchase price. The fact is that the gross receipts for the trial week in question did not reach the sum guaranteed. The purchaser rescinded the contract and

demanded the return of payment made on account, which being refused he brought suit in the same District Court where the instant suit was pending and recovered judgment for the amount claimed.

The contract clearly gave the right to the purchaser to recover his down payment when he found that the volume of business was not as represented and guaranteed. The contract was conditional in that respect. The appellants, as brokers, were present when the contract was made and had in fact negotiated it. They knew its terms and conditions and, while not parties to it, were interested in it to the extent of the brokerage. A clause of their benefit, recognizing them as brokers and fixing the amount, was inserted in the contract, as above recited.

We think that these facts bring this case within the principle of *Hinds* v. *Henry*, 36 *N. J. L.* 328, and the numerous cases which have followed it.

The rule is that a broker is entitled to his commission when he produces a buyer ready, willing and able to buy on the seller's terms in the absence of any contract binding upon him which contains conditions which prevent the consummation of the sale. The contract by which the appellants claim to be entitled to brokerage, taking it as a whole within the meaning of the parties, including the appellants, was that their right to the brokerage was dependent on the consummation of the sale. They tacitly acquiesced in the contract which, as shown, provided that there would be no sale unless the volume of business was as claimed. No sale having been made no commission was due. *Cf. Courter* v. *Lydecker*, 71 *N. J. L.* 511; *Morse* v. *Conley*, 83 *Id.* 416; *Leschziner* v. *Bauman*, 83 *Id.* 743; *Feist & Feist, Inc.*, v. *Ingersoll*, 2 *N. J. Mis. R.* 267; *Apfelbaum* v. *Topf*, 104 *N. J. L.* 343; *Krim* v. *Sacks*, 145 *Atl. Rep.* 237; *Forman* v. *Bedminster Land Co.*, 110 *N. J. L.* 1.

The judgment will be affirmed.